# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-00353-FDW

| | |
|---|---|
| WILLIAM KIMBLE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HILDA R. ACORD, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. [Doc. 4]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 10].

## I.  BACKGROUND

Pro se Plaintiff William Kimble, Jr., is an inmate of the State of North Carolina, currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina. Plaintiff filed this action on December 11, 2018, pursuant to 42 U.S.C. § 1983, related to acts he alleged occurred while he was incarcerated at Marion Correctional Institution ("Marion"). Plaintiff names as Defendants: (1) Hilda R. Acord, a registered nurse at Maron, in her individual and official capacities; and (2) FNU Hergenmother, a correctional officer at Marion, in his official capacity only. On December 20, 2018, Plaintiff filed an Amended Complaint, which the Court construes to include these same Defendants. In his Amended Complaint, Plaintiff purports to bring claims against Defendants for violations of a "Procedural Due Process Right," and the Fifth, Eighth, and Fourteenth Amendments.

Specifically, Plaintiff alleges that, on October 17, 2018, after the Defendants were

whispering about the Plaintiff, Defendant Hergenmother approached the Plaintiff and told the Plaintiff that his eyeglasses were considered "altered." The Plaintiff's eyeglasses were taken to be photographed and, later that day, the Plaintiff learned the glasses were confiscated as "contraband because they were considered 'altered.'" [Doc. 4 at 2]. The Plaintiff further alleges that at his previous place of incarceration, a close friend gave the Plaintiff the eyeglass frames that were taken. However, to make the Plaintiff's lenses remain securely in these frames, the Plaintiff had to melt the bottom of the frames. The Plaintiff received new eyeglasses on December 3, 2018.[1] [Id. at 1-3]. As damages, Plaintiff claims to have suffered "constant headaches" while he was without his eyeglasses and having to take Tylenol. [Id. at 3]. Plaintiff alleges that the confiscation of his eyeglasses without having been written up for having contraband "and not having a DC-160 done on the property" amounted to a violation of procedural due process, as well as violations of the Eighth, Fifth, and Fourteenth Amendments. He also vaguely references Defendants' "deliberate indifference actions." [Id. at 4]. Other than this vague reference to "deliberate indifference," the Plaintiff does not allege how the Eighth Amendment applies to his allegations.

For relief, Plaintiff seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

---

[1] The Court notes that in Plaintiff's original Complaint he alleges being transported to an outside eye doctor on November 7, 2018 and being provided new eyeglasses on November 30, 2018. [Doc. 1 at 12].

complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

### A. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not alleged sufficient facts to proceed past initial review on an Eighth Amendment claim. The Plaintiff has not alleged that his glasses were not contraband and, even if he had, the Plaintiff being without his glass for up to 47 days is not an extreme deprivation for

which Plaintiff has a remedy under the Eighth Amendment. Plaintiff has also failed to allege a serious or significant physical or emotional injury resulting from the condition. The Court also notes that these Defendants cannot be sued in their official capacities under § 1983, in any event.

B.  **Fourteenth Amendment**

The Plaintiff asserts a general Fourteenth Amendment violation but fails to allege how he contends his Fourteenth Amendment rights were violated.

To the extent Plaintiff sought to claim a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Plaintiff fails to allege any facts showing that he was treated differently from others with whom he was similarly situated, nor has he alleged any facts tending to show that Defendants participated in any purposeful discrimination. Thus, Plaintiff fails to state a Fourteenth Amendment Equal Protection claim.

To the extent the Plaintiff sought to claim a violation of the Fourteenth Amendment's Due Process Clause, it provides that no person shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV. To state a due process claim, a plaintiff must demonstrate that he had a protected liberty or property interest and that he was denied that interest without being afforded due process of law. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460-61 (1989). Here, it appears Plaintiff is attempting to invoke the protections of the Fourteenth Amendment as to the alleged confiscation of his eyeglasses as contraband without

4

"having a DC-160 done on the property." [See Doc. 4 at 4]. According to North Carolina Department of Correction Policy ("NCDOC") .0505, "All authorized personal property that an inmate possesses will be listed on Form DC-160. This form will be dated and signed by the receiving officer and the inmate, certifying that the list and the disposition indicated is accurate. It will be filed in the inmate's jacket field." NCDOC Policy .0505 (emphasis added). Further, "[i]t is the responsibility of each inmate to request items of personal property be documented in writing on his/her personal property inventory (DC-160)." [Id.]. The Plaintiff himself alleged that his eyeglasses had, in fact, been altered and does not dispute that he was not authorized to retain them. As such, under NCDOC policy, a DC-160 form was not required because the eyeglasses were not authorized. The Plaintiff has, therefore, failed to allege that Defendants violated any Fourteenth Amendment due process right.

### C. Fifth Amendment

Next, to establish a claim under the Fifth Amendment Due Process Clause, a litigant must show that the government deprived him of a liberty or property interest without providing notice and a meaningful opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 348 (1976). Here, even assuming that Plaintiff had a constitutionally protected interest in not having his eyeglasses confiscated for 47 days, his due process claim fails because he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). As such, Plaintiff has failed to state a claim for violation of the Fifth Amendment.

Further, the Court notes that Plaintiff has not alleged any conduct by either Defendant Acord or Defendant Hergenmother indicating they had any control or decision-making authority over the fate of Plaintiff's glasses. As such, even if the general conduct alleged were sufficient to state a claim of constitutional violation generally, which it is not, the allegations against these particular Defendants are insufficient in any event.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Amended Complaint [Doc. 4] is **DISMISSED** for failure to state a claim.

(2) The Clerk is instructed to terminate this action.

Signed: September 30, 2019

Frank D. Whitney
Chief United States District Judge